**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WILLIAM JOHNSON, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR** |
| | ) | **VIOLATIONS OF THE** |
| PDC ENERGY, INC., MARK E. ELLIS, | ) | **FEDERAL SECURITIES LAWS** |
| BARTON R. BROOKMAN, PAMELA R. | ) | |
| BUTCHER, PAUL J. KORUS, LYNN A. | ) | JURY TRIAL DEMANDED |
| PETERSON, CARLOS A. SABATER, and | ) | |
| DIANA L. SANDS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

Plaintiff William Johnson ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against PDC Energy, Inc ("PDC Energy" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Chevron Corporation ("Chevron").[1]

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

2. On May 21, 2023, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with Chevron and Chevron's direct, wholly owned subsidiary, Bronco Merger Sub Inc. ("Merger Sub"). The Merger Agreement provides that Company stockholders will receive 0.4638 of a share of Chevron common stock for each share of PDC Energy common stock owned.

3. The Company's corporate directors subsequently authorized the June 20, 2023, filing of the materially incomplete and misleading Form S-4 Registration Statement (the "Registration Statement") with the SEC. The Registration Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits, or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Registration Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Registration Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder

pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.  Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.  Plaintiff is, and has been at all times relevant hereto, the owner of PDC Energy common stock.

10. Defendant PDC Energy is a Delaware corporation with its principal executive offices located at 1099 18th Street, Suite 1500, Denver, Colorado 80202.  PDC's shares trade on the Nasdaq Global Select Market under the ticker symbol "PDCE."  PDC is a domestic independent exploration and production company that acquires, explores, and develops properties for the production of crude oil, natural gas and natural gas liquids ("NGLs"), with operations in the Wattenberg Field in Colorado and the Delaware Basin in west Texas.  The Company's operations in the Wattenberg Field are focused on the horizontal Niobrara and Codell plays and the Company's operations in the Delaware Basin are primarily focused in the horizontal Wolfcamp zones.

11. Defendant Mark E. Ellis is and has been Non-Executive Chairman of the Board at all times relevant hereto.

12. Defendant Barton R. Brookman is and has been President, Chief Executive Officer, and a director of the Company at all times relevant hereto.

13. Defendant Pamela R. Butcher is and has been a director of the Company at all times relevant hereto.

14. Defendant Paul J. Korus is and has been a director of the Company at all times relevant hereto.

15. Defendant Lynn A. Peterson is and has been a director of the Company at all times relevant hereto.

16. Defendant Carlos A. Sabater is and has been a director of the Company at all times relevant hereto.

17. Defendant Diana L. Sands is and has been a director of the Company at all times relevant hereto.

18. Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19. On May 22, 2023, Chevron and the Company jointly announced in relevant part:

SAN RAMON, Calif. and DENVER, Colo.--(BUSINESS WIRE)--May 22, 2023-- Chevron Corporation (NYSE: CVX) announced today that it has entered into a definitive agreement with PDC Energy, Inc. (NASDAQ: PDCE) to acquire all of the outstanding shares of PDC in an all-stock transaction valued at $6.3 billion, or $72 per share. Based on Chevron's closing price on May 19, 2023, and under the terms of the agreement, PDC shareholders will receive 0.4638 shares of Chevron for each PDC share. The total enterprise value, including debt, of the transaction is $7.6 billion.

The acquisition of PDC provides Chevron with high-quality assets expected to deliver higher returns in lower carbon intensity basins in the United States. PDC

brings strong free cash flow, low breakeven production and development opportunities adjacent to Chevron's position in the Denver-Julesburg (DJ) Basin, as well as additional acreage to Chevron's leading position in the Permian Basin.

"PDC's attractive and complementary assets strengthen Chevron's position in key U.S. production basins," said Chevron Chairman and CEO Mike Wirth. "This transaction is accretive to all important financial measures and enhances Chevron's objective to safely deliver higher returns and lower carbon. We look forward to welcoming PDC's team and shareholders to Chevron and continuing both companies' focus on safe and reliable operations."

"The combination with Chevron is a great opportunity for PDC to maximize value for our shareholders. It provides a global portfolio of best-in-class assets," said Bart Brookman, PDC President and CEO. "I look forward to blending our highly complementary organizations, and I'm excited that PDC's assets will help propel Chevron toward our shared goal for a lower carbon energy future."

**Transaction Benefits**

- **Accretive to earnings per share, free cash flow and ROCE:** Chevron anticipates the transaction to be accretive to all key financial measures within the first year after closing and to add about $1 billion in annual free cash flow at $70 per barrel Brent and $3.50 per Mcf Henry Hub (approximate 2024 futures prices as of May 2023).
- **Strong strategic fit:** Increases Chevron's proved reserves by 10% at an acquisition cost under $7 per barrel of oil equivalent (BOE).
  - DJ Basin – 275,000 net acres adjacent to Chevron's existing operations that add over 1 billion BOE of proved reserves in highly economic locations and enable capital and operational synergies.
  - Permian Basin – 25,000 net acres that are held by production and will be integrated into Chevron's existing capital efficient development operations.
- **Capital and cost efficient:**
  - Capital expenditures – Chevron expects to increase capex by ~$1 billion per year, raising its guidance range to $14 to $16 billion through 2027, after realizing about $400 million in capex efficiencies post-closing.
  - Operational expenditures – the transaction is expected to achieve run-rate cost synergies of around $100 million before tax within a year of closing.

**Transaction Details**

The acquisition consideration is structured with 100 percent stock utilizing Chevron's equity. In aggregate, upon closing of the transaction, Chevron will

5

issue approximately 41 million shares of common stock. Total enterprise value of $7.6 billion includes net debt.

The transaction has been unanimously approved by the Boards of Directors of both companies and is expected to close by year-end 2023. The acquisition is subject to PDC shareholder approval. It is also subject to regulatory approvals and other customary closing conditions.

The transaction price represents a premium of 14% on a 10-day average based on closing stock prices on May 19, 2023.

**Advisors**

Morgan Stanley & Co. LLC is acting as lead financial advisor to Chevron. Evercore also advised Chevron. Paul, Weiss, Rifkind, Wharton & Garrison LLP is acting as legal advisor to Chevron. J.P. Morgan Securities LLC is acting as lead financial advisor to PDC Energy and provided a fairness opinion to the Board of Directors. Wachtell, Lipton, Rosen & Katz and Davis Graham & Stubbs are jointly serving as the Company's legal counsel. PJT Partners also advised PDC Energy.

**The Materially Incomplete and Misleading Registration Statement**

20. The Board caused to be filed the materially incomplete and misleading Registration Statement with the SEC on June 20, 2023  The Registration Statement, which recommends that PDC Energy stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) financial forecasts for the Company, Chevron, and the combined company; (b) the financial analyses underlying the fairness opinion of financial advisor J.P. Morgan Securities LLC ("J.P. Morgan"); and (c) potential conflicts of interest faced by the Company's additional financial advisor, PJT Partners LP ("PJT Partners").

*Material Misrepresentations and/or Omissions Concerning the Financial Forecasts for the Company, Chevron, and the Combined Company*

21. The Registration Statement fails to disclose material information concerning the financial forecasts for the Company, including the unlevered free cash flows that PDC Energy

6

was forecasted to generate during fiscal years 2023 through 203. These were the same forecasts that were relied upon by the Board's financial advisor in connection with its discounted cash flow analysis ("DCF").

22. Additionally, the Registration Statement fails to disclose any financial projections for Chevron or the combined company even though Company stockholders will receive merger consideration entirely in the form of Chevron common stock if the Proposed Transaction is approved.

***Material Misrepresentations and/or Omissions Concerning J.P. Morgan's Financial Analyses***

23. The Registration Statement fails to disclose material information concerning J.P. Morgan's financial analyses.

24. With respect to the *DCF* performed by J.P. Morgan, the Registration Statement fails to disclose (a) the Company's terminal values; and (b) the individual ranges of implied per share values resulting from each of the Company's respective Management Outlook + LT $55 Flat Case, Management Outlook + LT $70 Flat Case and Strip Case.

25. With respect to the *Selected Public Trading Multiples* analysis performed by J.P. Morgan, the Registration Statement fails to disclose the respective individual multiples and financial metrics of the companies observed. The Registration Statement further fails to disclose the Company's estimated operating cash flow for fiscal years ending 2023 and 2024.

26. With respect to the *Selected Transaction Multiples Analysis* performed by J.P. Morgan, the Registration Statement fails to disclose the respective individual multiples and financial metrics of the transactions observed.

27. With respect to the *Analyst Price Target* analysis performed, the Registration Statement fails to disclose the individual price targets observed and their sources.

*Material Misrepresentations and/or Omissions Concerning PJT Partners' Potential Conflicts of Interest*

28. The Registration Statement fails to disclose material information concerning the potential conflicts of interest faced by PJT Partners, as well as any financial analyses PJT Partners performed for the Board during the sale process.

29. The Registration Statement also fails to disclose (a) the compensation PJT Partners expects to receive in connection with its engagement, including whether it is contingent upon closing of the Proposed Transaction; and (b) whether PJT Partners has performed any services for any parties to the Merger Agreement in the prior two years and, if so, the details of the services performed and amount of compensation received.

30. The omission of the above-referenced information renders statements in the "PDC Unaudited Prospective Financial Information," "Opinion of PDC's Financial Advisor," and "Background of the Merger" sections of the Registration Statement materially incomplete and misleading in contravention of the Exchange Act.

31. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and PDC Energy**

32. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

33. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. PDC Energy is liable as the issuer of these statements.

34. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

35. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

36. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information available to stockholders.

37. The Registration Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

38. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

39. Because of the false and misleading statements in the Registration Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

40. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

41. The Individual Defendants acted as controlling persons of PDC Energy within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of PDC Energy and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

42. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

43. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and exercised the same. The Registration Statement contains the unanimous recommendation of

the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

44. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

45. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable

allowance for Plaintiff's attorneys' and experts' fees; and

    E.  Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: July 5, 2023           **LONG LAW, LLC**

                By: */s/ Brian D. Long*
                   Brian D. Long (#4347)
                   3828 Kennett Pike, Suite 208
                   Wilmington, DE 19807
                   Telephone: (302) 729-9100
                   Email: BDLong@LongLawDE.com

                   *Attorneys for Plaintiff*